ALMON S. CHASE *vs.* JOSEPH MARSTON.

Kennebec, 1876.—May 29, 1877.

*Mortgage.*

A mortgagee entering upon the mortgaged premises peaceably and openly in the presence of two witnesses and duly recording the certificate of such entry in the registry of deeds, must continue in the possession of the mortgaged premises for the three following years to effect a valid foreclosure.

BILL IN EQUITY, to redeem mortgaged premises, setting forth that one Nathaniel Mayo, October 17, 1849, owned a house and lot in Waterville, (described in the bill,) that he then mortgaged the premises to the defendant to secure the payment of a note for

$81.41 given by him to the defendant, payable in one year from date and interest ; that by a warrantee deed from Mayo and other mesne conveyances all of warrantee and without reservation as to the mortgage, all of Mayo's interest in the premises came to the plaintiff March 5, 1863 ;. that plaintiff ever since retained his title ; that Mayo died December 29, 1866 ; that he paid Marston the full amount due upon the mortgage and neglected to take up the note and have the mortgage discharged ; that Marston retained the note until after the death of Mayo, and then pretended to foreclose the mortgage and hold the property worth about $1,000 to pay the note and mortgage, and fraudulently claims title, etc., etc.

The defendant in his answer after making certain admissions and denials, averred in substance an entry for foreclosure in the manner provided, R. S., c. 90, § 3, under the third head in the presence of witnesses ; that the certificate thereof was made and duly recorded, and that he never received any payment of the note otherwise than by the foreclosure under the mortgage.

The plaintiff on cross-examination testified, that he never had any actual possession, never received any rents.

*E. F. Webb*, for the plaintiff.

*W. P. Whitehouse*, for the defendant.

APPLETON, C. J. The complainant having the equity of redemption of a mortgage given by one Nathaniel Mayo to the respondent dated October 17, 1849, to secure the payment of a note of the mortgageor of the same date for the sum of eighty-one dollars and forty-one cents and payable to the respondent brings this bill to redeem the same.

The evidence shows a demand to render an account of the sum due on the mortgage in pursuance of the provisions of R. S., c. 90, § 13, and that the mortgagee refused or neglected to render such account.

The respondent in his answer relies on a foreclosure in the third mode provided in c. 90, § 3, by entry peaceably and openly in the presence of two witnesses and taking possession of the premises mortgaged and having the certificate of such entry duly recorded in the registry of deeds.

The case shows the entry was merely formal and that Mayo and those claiming title by deed of warranty under him have been in the continued occupation of the premises mortgaged up to the time of filing this bill, and that their possession from the time of the defendant's entry hitherto has been, not as his tenants, and not in subordination to his title, but in opposition to it.

By § 4, it is provided that possession obtained in either of the three modes specified in § 3, and "continued for the three following years, shall forever foreclose the right of redemption."

A mortgage must be foreclosed by pursuing one of the modes provided by the statute for that purpose. *Ireland* v. *Abbott*, 24 Maine, 155. There was no continued possession, as required, by the mortgagee. The foreclosure was, therefore, ineffectual for want of this continued possession. *Chamberlain* v. *Gardiner*, 38 Maine, 548. *Thayer* v. *Smith*, 17 Mass. 429.

In *Davis* v. *Rodgers*, 64 Maine, 159, the mortgagee was in actual possession of the mortgaged premises when he entered to foreclose and continued in such possession of the same until the foreclosure was perfected. The certificate of the entry as required by the statute was duly recorded.

> *The amount due is to be ascertained by a master unless the parties agree.*
>
> *The respondent neglecting to render an account is liable for costs.*
>
> *The complainant is entitled to redeem upon payment of the amount due and to costs.*

WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.

LIBBEY, J., having been of counsel did not sit.